## JOHN FILLPOT V. THE STATE.

No. 11392.　Delivered February 29, 1928.

**1.—Carrying a Pistol—Charge of Court—On Defensive Theory—Proper.**

Where, on a trial for carrying a pistol, the court properly instructed the jury that if appellant was carrying the pistol from the farm where he had been working to his home, where he lived, and was so carrying same by the most direct route or the route usually traveled in making such journey, he would not be guilty.

**2.—Same—General Reputation—Not Material.**

While testimony of appellant's good reputation for peace and quietude is admissible in every case where one is charged with violating the law, the rejection of evidence of good reputation in this case, where the only conflicting issue was whether or not appellant was traveling on a direct route to his home, when he admitted he carried a pistol would not be such error as to require a reversal. See Young v. State, 31 Tex. Crim. Rep. 26.

Appeal from the County Court of Lynn County. Tried below before the Hon. C. H. Cain, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.

The opinion states the case.

*H. L. Grace,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol, punishment a fine of $100.

There is no controversy in the record over the fact that appellant had the pistol on the occasion in question. The defense seems to rest on the claim that he was carrying the pistol from a farm rented by him in Lynn County, to the home of his father where he lived in Borden County. The court correctly told the jury that if appellant was carrying the pistol from the farm where he had been working for some time, to his home where he lived, and was so carrying same by the most direct route, or the route usually traveled in making such journey, he would not be guilty.

There is a lengthy bill of exceptions which complains practically of all the testimony, but giving appellant all that he might under any circumstances be entitled to, we consider the point set out in the bill which is supposed to be the court's error in rejecting the testimony of several witnesses offered to prove the good reputation for peace and quietude of the appellant. While such testimony is admissible in every case where one is charged with violating the law, it does not follow that its rejection in every case would be such error as to require reversal. This court so held in Young v. State, 31 Tex. Crim. Rep. 26. The principle laid down in the Young case and other authorities there cited seems applicable here. The testimony shows that appellant had a quarrel with two men on the day in question, and that he left the farm in Lynn County and drove down the road toward where his father lived in Borden County, that at a certain point he passed the two men with whom he had the quarrel. After passing them he seems to have turned east a mile, and then south a mile, at which point he was not far from his father's home to which he was going. However, the testimony shows that at this point he turned west another mile back to the road along which said parties were coming with whom he had the quarrel, and when he met them he there offered to and did engage in a fight with one of said parties. It was at this point that the pistol was seen and observed on his person. There seems no dispute of the fact in the record that from the point where appellant turned west and came back something over a mile to meet the parties with whom he further engaged in trouble, he was not going in a direct route or

anything like a direct route to his home. There would seem nothing in the rejected testimony showing him to be of good reputation for peace and quietude which would contradict or affect the question of his driving back over a part of the road where he was not legally entitled to carry this pistol, and engaging in the altercation with the men mentioned. This appears to be the only complaint in the record.

Being unable to agree with the appellant's contention, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*